Dear Representative Odinet:
Your request for an Attorney General's opinion has been assigned to me for research and reply. Your letter states as follows:
 It appears the St. Bernard Parish School Board voted for a reapportionment plan on September 10, 2002, 10-1 in favor of the plan as submitted by Mr. Cedric Floyd. A week thereafter I requested a copy of the plan and was informed the plan had not been finalized. We have again, this day, requested a copy of the plan. We await a reply. It is our understanding, as per newspaper articles written on the matter, this plan will not be submitted to the Justice Department until after the first of the year with anticipation of running as an eleven member board. I would appreciate your reviewing this situation and favoring us with your advices.
It is our opinion that the reapportionment plan voted on by the board at its September 10, 2002 meeting is a public record, subject to inspection and copying, for a reasonable fee. Under Louisiana Revised Statutes, 44:1, the St. Bernard Parish School Board is a "public body" and the reapportionment plan and map are "public records". R.S. 44:1
states that "all books, records, maps, drawings, and papers, and all copies . . . or any other documentary materials, regardless of physicalform or characteristics . . . having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, or order of any public body, are `public records', except as otherwise provided in this Chapter or as otherwise specifically provided by law." (Emphasis added). Clearly, regardless of whether the reapportionment plan and map have "not been finalized", they are still public records.
The head of the public body is the "custodian" of the public records. There is no exception in the law which would prevent you from viewing these public records. Therefore, you have a right to examine the records, copy or reproduce them, or obtain a reproduction of them, and it is the burden of the custodian to prove that such public record is not subject to inspection or copying. R.S. 44:31. If the St. Bernard Parish School Board is not allowing you to see the public records because the records are in active use at the time of your application, the president of the board must promptly certify this to you in writing, and in this certificate he is required by law to fix a day and hour within threedays, excluding weekends and holidays, for you to exercise your right to review the public records. R.S. 44:33 (emphasis added).
In sum, it is our opinion that you have a right to review and/or copy the reapportionment plan and map of the St. Bernard Parish School Board, and the president of the board is subject to litigation after the passage of 5 days from your request, if he denies you this right, under R.S. 44:35, a copy of which is enclosed for your information and review. If you bring suit and prevail, you shall be awarded reasonable attorney's fees and other costs of litigation, in accordance with R.S. 44:35(D). The court can also cast the president of the board with civil penalties not to exceed $100 per day for unreasonably or arbitrarily failing to respond to a public records' request, and he can be personally liable under certain circumstances. Additionally, R.S. 44:37 provides criminal penalties to any person having custody or control of a public record and who violates the Public Records Act, R.S. 44:1 et seq. Such penalties for a first offense include a fine of $100 to $1000 dollars or imprisonment for one to six months.
We must refrain from commenting on the plan as an eleven member plan, when state law provides otherwise, and on the delay to make a Section 5 submission under the 1965 Voting Rights Act due to the on-going litigation in St. Bernard Citizens, et al vs. St. BernardParish, et al, U.S.D.C., Eastern District, No. 02-CV-2209.
If our office can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb Enclosure
Cc: St. Bernard Parish School Board
Date Released: November 7, 2002
44:35. Enforcement
A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
B. In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action. The court may view the documents in controversy in camera before reaching a decision. Any noncompliance with the order of the court may be punished as contempt of court.
C. Any suit brought in any court of original jurisdiction to enforce the provisions of this Chapter shall be tried by preference and in a summary manner. Any appellate courts to which the suit is brought shall place it on its preferential docket and shall hear it without delay, rendering a decision as soon as practicable.
D. If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion thereof
E. (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.
(2) The custodian shall be personally liable for the payment of any such damages, and shall be liable in solido with the public body for the payment of the requester's attorney fees and other costs of litigation, except where the custodian has withheld or denied production of the requested record or records on advice of the legal counsel representing the public body in which the office of such custodian is located, and in the event the custodian retains private legal counsel for his defense or for bringing suit against the requester in connection with the request for records, the court may award attorney fees to the custodian.
F. An award for attorney fees in any suit brought under the provisions of this Chapter shall not exceed the amounts approved by the attorney general for the employment of outside counsel.